# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| JOSEPH F. BOSHERS, No. 54036, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:16-cv-00107 ) JUDGE CRENSHAW |
| v. | ) ) |
| SHERIFF BUCKY RAWLAND, *et al.*, | ) ) |
| Defendants. | ) |

## M E M O R A N D U M

Plaintiff, an inmate of the Maury County Jail in Columbia, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Sheriff Bucky Rawland, C.O. Jimmy Bird, and C.O. Daylon Bennett, alleging that the Defendants violated his constitutional and civil rights. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.  PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

1

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Plaintiff brings his claims pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution

or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

**III.    Alleged Facts**

The complaint alleges that, when the Plaintiff first came to the Maury County Jail, he did not receive an arm band that is required for inmates to purchase items from the commissary because "they were out of the stuff to make them [the arm bands]" and the Plaintiff was told "not to worry about it." (Doc. No. 5 at p. 1). After the Plaintiff had been incarcerated at the Maury County Jail for seven months, C.O. (Corrections Officer) Daylon Bennett told the Plaintiff that he could not purchase items from the jail commissary because the Plaintiff did not have an arm band. (Id. at p. 1). The Plaintiff told Defendant Bennett that he wanted to purchase stamps so that he could mail a letter to his dying father but Bennett still would not allow the Plaintiff to access the commissary. (Id.) The Plaintiff placed the letter in the door to be sent out in the mail, but Bennett never removed the letter from the door. (Id.)

The complaint further alleges that C.O. Jimmy Bird found a note saying that the Plaintiff and his cell mate had been engaging in sexual intercourse. (Id. at p. 2). The Plaintiff denied the allegation, but Defendant Bird removed the Plaintiff from his cell, required the Plaintiff to fully disrobe, and then placed the Plaintiff in a "turtle suit" for at least nineteen consecutive hours. (Id.) Subsequently, Sergeant Crieg took the Plaintiff out of the suit and told the Plaintiff that he should never have been placed in the suit. (Id.) The Plaintiff wrote grievances to Lieutenant Jackson and the Sheriff about this incident and never received any responses. He alleges that he suffers from anxiety as a result of the incident. (Id.)

**IV.    Analysis**

First, prisoners retain the right to communicate with friends, family, and counsel while in prison or jail. Washington v. Reno, 35 F.3d 1093, 1099 (6th Cir. 1994). Prisoners enjoy a First Amendment right to send and receive mail and to associate with others. See Procunier v. Martinez, 416 U.S. 396, 408–09 (1974), overruled in part on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 407 (1989); Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119 (1977). An inmate's exercise of constitutional rights is necessarily limited, however, "both from the fact of incarceration and from valid penological objectives-including deterrence of crime, rehabilitation of prisoners, and institutional security." Pell v. Procunier, 417 U.S. 817, 822–23 (1974); see also Jones, 433 U.S. at 129. In Turner v. Safley, 482 U.S. 78, 89 (1987), the Supreme Court held that "[w]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." See also O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987); Hines v. South Carolina Dep't of Corrections, 148 F.3d 353, 358 (4th Cir. 1998). The Sixth Circuit has stated that, "Outgoing mail . . . may be regulated according to regulations or practices that further an important or substantial government interest unrelated to the suppression of expression," and that extend no further "than is necessary or essential to the protection of the particular government interest involved." Martucci v. Johnson, 944 F.2d 291, 295-96 (6th Cir. 1991)(citations omitted).

Here, the analysis of whether Defendant Bennett's stated reason for failing to permit the Plaintiff to purchase a stamp from the commissary "further[s] an important or substantial government interest unrelated to the suppression of expression" and whether the restriction extends no further "than is necessary or essential to the protection of the particular government interest

4

involved" is a fact-based inquiry, and one that is not appropriate for the Court to undertake at this time. However, the complaint clearly states a claim for the deprivation of the Plaintiff's right to communicate with family. The Court therefore finds that the Plaintiff's claims against Bennett survive the PLRA's required screening of *pro se in forma pauperis* prisoner complaints as the Plaintiff has stated a colorable claim under the First Amendment. Because it is unclear whether Bennett acted pursuant to a policy or practice in place at Maury County, the Court will not dismiss the Plaintiff's official capacity claims against Bennett at this time.

Next, the complaint names Maury Sheriff Bucky Rawland as a Defendant and alleges that Sheriff Rawland failed to respond to grievances submitted by the Plaintiff through Lieutenant Jackson. Although prisoners have a First Amendment right to file grievances, see Noble v. Schmitt, 87 F.3d 157, 162 (6th Cir. 1996), state law does not create a liberty interest in the grievance procedure. Olim v. Wakinekona, 461 U.S. 238, 249 (1983). In other words, a plaintiff cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place. See Hewitt v. Helms, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995)); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Because a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the Plaintiff's assertions that Sheriff Rawland failed to respond to the Plaintiff's grievances do not state a claim under the First Amendment.

The complaint does not identify any other actions Sheriff Rawland allegedly took that might have given rise to the Plaintiff's claims against him. A plaintiff "must allege how each defendant

5

was personally involved in the acts about which the plaintiff complains." Rizzo v. Goode, 423 U.S. 362, 375 (1976). Because the Plaintiff's allegations fail to otherwise show Sheriff Rawland was personally involved in the acts about which the Plaintiff complains, the Court must dismiss the Section 1983 claims against Sheriff Rawland for failure to state claims upon which relief can be granted.

The complaint's final claim is based on the actions of C.O. Bird when he required the Plaintiff to strip and then wear a "turtle suit" for a period of at least nineteen hours as punishment and/or as a physical barrier to prevent the Plaintiff from having sexual relations with his cell mate, an activity which the Plaintiff denies ever occurred. However, these allegations do not support a claim of cruel and unusual punishment in violation of the Eighth Amendment. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety," and that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Williams v. Mehra, 186 F.3d 685, 691–92 (6th Cir. 1999).

Here, while the Court acknowledges that the incident was no doubt humiliating and uncomfortable for the Plaintiff, the incident described does not rise to the level of an Eighth Amendment violation. See Rhodes, 452 U.S. at 347. The complaint does not allege or show that the Plaintiff has been, or is being, denied basic human needs and requirements. Neither does the complaint allege that the Plaintiff sustained any injury as a result of the wearing of the turtle suit, other than anxiety. For these reasons, the Plaintiff's claim that an officer required the Plaintiff to wear a turtle suit on one occasion as punishment violated his rights under the Eighth Amendment

is not actionable. Compare Hancock v. Avery, 301 F. Supp. 786, 792 (Tenn.1969) (finding an Eighth Amendment violation where prisoner was subjected to "dry cell confinement" and "forced to sleep in the nude on a bare concrete floor without even the comfort of a blanket", was "deprived at all times of adequate light and ventilation", and "was provided with no means by which he [could] maintain his personal cleanliness, with the result that he [was] forced to live and eat under animal-like conditions."). Because the Plaintiff's claim against Defendant Bird fails to state a claim upon which relief can be granted, the claim will be dismissed.

**V.     Conclusion**

For the reasons stated above, the Court finds that the Plaintiff's First Amendment claims against Defendant Bennett in his individual and official capacities state § 1983 claims upon which relief can be granted under the First Amendment. Those claims will proceed for further development. However, the Court finds that the complaint fails to state a § 1983 claim upon which relief can be granted as to Defendants Rawland and Bird. All claims against Defendants Rawland and Bird therefore will be dismissed.

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE