IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JOSEPH F. BOSHERS )
 )
v. ) NO. 1:16-0107
 )
SHERIFF BUCKY RAWLAND, et al. )

TO: Honorable Waverly D. Crenshaw, Jr., Chief District Judge

# REPORT AND RECOMMENDATION

By Order entered January 24, 2017 (Docket Entry No. 11), this civil action was referred to the Magistrate Judge, pursuant 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 (b) of the Federal Rules of Civil Procedure, and the Local Rules of Court, for pre-trial proceedings.

Joseph Boshers ("Plaintiff") filed this action *pro se* and *in forma pauperis* on December 5, 2016, while an inmate in the Maury County Jail ("Jail") in Columbia, Tennessee. He brings the action under 42 U.S.C. § 1983 based on allegations that three employees at the Jail violated his constitutional rights. Upon initial review of the complaint under 28 U.S.C. § 1915(e)(2)(B), the Court found that Plaintiff alleged an arguable First Amendment claim against Jail Correctional Officer Daylon Bennett ("Bennett), in both his individual and official capacity, based on allegations that Bennett denied Plaintiff access to mailing stamps and the ability to send mail out of the Jail. *Id*. at 3. All other claims and defendants were dismissed. *Id*.

Although the docket in the action contains a process receipt and return indicating that process was served via certified mail on February 23, 2017, *see* Docket Entry No. 15, Defendant Bennett has not responded to the complaint. The last activity in the action was a letter from Plaintiff received by

the Clerk's Office on March 13, 2017, inquiring about the status of the case. *See* Docket Entry No. 14.

It is well settled that Federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961). Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff, *see Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980), and Rule 41.01 of the Local Rules of Court states that "a civil action that has been on the docket for six (6) months without any responsive pleading or other court proceedings taken therein shall be dismissed as a matter of course, but the dismissal shall be without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." Given that no activity has occurred in action over the last six months, the Court finds that dismissal of the action is warranted.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.01.[1]

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which

---

[1] By this Report and Recommendation and the fourteen day period for filing objections, Plaintiff is given notice of the Court's intention to dismiss the action and the opportunity to show good cause for why the action should not be dismissed.

objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                  Respectfully submitted,

                                                  BARBARA D. HOLMES
                                                  United States Magistrate Judge